**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.

TABITHA D. ROBINSON,

      **Defendant.**

Case No. 3:08-CR-30234-NJR-2

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Defendant Tabitha D. Robinson has filed a second motion for compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. (Doc. 220). For the following reasons, the motion is denied.

### BACKGROUND

In 2009, the now-retired Honorable G. Patrick Murphy sentenced Ms. Robinson to life in prison after she pleaded guilty to conspiracy to produce child pornography in violation of 18 U.S.C. § 2251(a) and (e) and conspiracy to transport a minor with intent to engage in sexual activity in violation of 18 U.S.C. § 2423(a) and (e). In a stipulation of facts accompanying her plea agreement, Ms. Robinson admitted that she and her co-defendants, William Milligan and Louise Musulla, engaged in sexual contact with two minors, one of whom was Ms. Robinson's three-year-old child. (Doc. 65). The defendants took photos of the sexual encounter, including of the naked minors, and Ms. Robinson emailed the photos to a co-defendant. (*Id.*). Evidence also indicated that Ms. Robinson

herself sexually molested the other minor, who was eleven years old at the time. (Doc. 123 ¶ 12).

At sentencing, Judge Murphy determined that the applicable Sentencing Guideline range called for a life term, which he imposed, over the parties' joint request of a 260-month sentence. (Doc. 144, pp. 38-39, 49). Judge Murphy emphasized that Ms. Robinson's conduct was "probably the most serious offense that one can possibly imagine . . . and Congress has provided that it be punished accordingly." (*Id.* at p. 44).[1]

In 2021, Ms. Robinson moved for compassionate release, citing several health issues and the effects of the COVID-19 virus. (Doc. 191). On March 31, 2022, the Court denied the motion, finding that her medical conditions, alone or in combination, did not constitute extraordinary and compelling reasons for release. (Doc. 200). The Court further held that the § 3553(a) factors weighed against release because of her poor behavior while incarcerated and because release would fail to provide just punishment for the offense, promote respect for the law, or protect the public. (*Id.* at p. 8).

Ms. Robinson now is 50 years old and resides at FMC Carswell in Texas. *See* BOP Inmate Lookup, https://www.bop.gov/inmateloc/ (last visited June 1, 2026). In her present motion for compassionate release, filed on June 27, 2025, Ms. Robinson argues her life sentence is "unusually long" and that conditions at FMC Carswell and at FCI Dublin, where she previously was incarcerated, amount to cruel and unusual punishment in violation of the Eighth Amendment.

---

[1] Ms. Robinson's co-defendants also received life sentences. (Docs. 113, 120).

## DISCUSSION

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" unless an exception applies. *See Dillon v. United States*, 560 U.S. 817, 819 (2010). One exception allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). A federal prisoner may bring a motion for compassionate release after exhausting the administrative remedies provided by the BOP. *Id.* Ms. Robinson appears to have exhausted her administrative remedies (Doc. 200, p. 18), and the Government did not file a response raising the adequacy of Ms. Robinson's exhaustion as a defense. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (explaining that exhaustion is "an affirmative defense, not a jurisdictional prerequisite, so the government will lose the benefit of the defense if it fails to properly invoke it."). The Court therefore will consider the motion on the merits.

The Seventh Circuit has described a two-step process for evaluating a prisoner's motion for compassionate release. First, "the prisoner must identify an 'extraordinary and compelling' reason warranting a sentence reduction." *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). Second, "[u]pon a finding that the prisoner has supplied such a reason," a court "consider[s] any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *Id.* The reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Black*, 131 F.4th 542, 544 (7th Cir. 2025) (quoting 18 § 3582(c)(1)(A)).

Ms. Robinson first argues that her "unusually long" sentence constitutes an extraordinary and compelling reason for release. She points to statistics indicating that the average sentence imposed nationally for child pornography is 108 months and that the average sentence for sexual abuse is 211 months. She says these figures show that her life sentence "represents an unwarranted disparity." (Doc. 200, p. 4).

This argument appears to draw on one of the Sentencing Commission's policy statements, U.S.S.G. § 1B1.13(b)(6), which provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Ultimately, Ms. Robinson's argument is a non-starter. Although she has served more than ten years of a lengthy prison term, she neglects that the relevant question for this policy statement is whether "a change in the law" has created a situation where there is a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." U.S.S.G. § 1B1.13(b)(6). Ms. Robinson has not cited any legal developments of consequence to her sentence, so the policy statement is inapplicable. In any event, the Supreme Court recently held that the Sentencing Commission exceeded its authority in enacting this policy statement because "[w]hen Congress declines to make a sentencing amendment retroactive, the fact that a preamendment sentence is longer than it would have been postamendment is not an

'extraordinary and compelling reaso[n]' that 'warrant[s]' a sentence reduction." *Rutherford v. United States*, 608 U.S. ---, 2026 WL 1485535, at \*6 (U.S. May 28, 2026).

In light of the high court's guidance, it is difficult to find any space for arguments, like Ms. Robinson's here, that a sentence that is longer than average qualifies as an extraordinary and compelling reason for release. Moreover, it is not altogether clear that her sentence *is* above average. She cites (without attribution) the average sentences for defendants convicted of child pornography and sexual abuse, without considering the average for defendants with similar offense conduct. Of course, the Sentencing Guidelines, which attempt to account for such distinctions, recommended a life sentence, and that sentence was expressly authorized by Congress. *See* 18 U.S.C. § 2251(e). It is difficult to see how a sentence *within* the range suggested by the Guidelines could be so extraordinary as to warrant relief.

Ms. Robinson also argues that certain experiences she faced while incarcerated at FCI Dublin and afterwards at her present facility amount to cruel and unusual punishment and warrant release. She states that she lacked adequate medical and psychological care during her ten years at FCI Dublin. Ms. Robinson also reports a "traumatic" town hall at the prison where she was informed that she had twenty minutes to pack before she would be transferred. Ultimately, she was not shipped out from Dublin for three days, and during that time she lacked clean underwear and other hygiene products. She also relates an incident that occurred on her bus ride to another prison where BOP officers allegedly yelled at the inmates and suggested that they should be shot. (Doc. 200, pp. 24-31). At one point on the journey, the officers drove erratically and

left the air conditioning running despite complaints by the inmates that they were cold. When they arrived at their destination, the inmates were strip-searched in a manner that violated BOP policy. Finally, Ms. Robinson reports that at FMC Carswell, where she presently is incarcerated, she experiences racism from staff, disrespectful and retaliatory treatment, flooding, exposure to black mold and asbestos, and a lack of medical attention. (*Id.* at pp. 8-9).

These allegations are troubling. The Court notes that Ms. Robinson's concerns regarding FCI Dublin are corroborated by the findings of the federal judge who presided over a class action for injunctive relief brought by inmates at that facility. *See California Coal. for Women Prisoners v. United States*, 723 F. Supp. 3d 712, 720 (N.D. Cal. 2024). FCI Dublin ultimately was closed, and numerous former inmates have sought compassionate release from their sentencing courts based on the conditions they endured there; some have been successful. *See United States v. Lambert*, No. 19-08, 2025 WL 2735856, at *5 (D. Mont. Sept. 24, 2025); *United States v. Castillo*, No. 17-1898, 2025 WL 1883541, at *2 (S.D. Cal. July 7, 2025); *United States v. Russell*, 757 F. Supp. 3d 1132, 1140 (D. Idaho 2024); *United States v. Morales*, No. 16-00241, 2024 WL 967658, at *5 (E.D. Cal. Mar. 6, 2024); *United States v. Smith*, No. 20-253, 2023 WL 5487308, at *3 (E.D. Cal. Aug. 24, 2023). However, many (likely a substantial majority) have not. *E.g.*, *United States v. Moore*, No. 22-CR-00086, 2026 WL 1398657, at *3 (D. Idaho May 19, 2026); *United States v. Backman*, No. 12-00015, 2026 WL 95020, at *7 (D. N. Mar. I. Jan. 14, 2026); *United States v. Brown*, No. 11-0050, 2025 WL 2879569, at *7 (D. Md. Oct. 8, 2025); *United States v. Felkins*, No. 20-00175, 2025 WL 436921, at *3 (E.D. Cal. Feb. 7, 2025); *United States v. Joseph*, No. 20-

00011, 2024 WL 5120234, at *2 (D. Alaska Dec. 16, 2024).

In nearly all of the cases where a defendant has prevailed, the defendant had *personally* suffered from sexual assault or abuse or identified at least one other extraordinary and compelling circumstance, such as a health issue. *Cf.* U.S.S.G. § 1B1.13(b)(4) (providing that extraordinary and compelling reasons exist if a defendant, during their time in custody, *was a victim* of sexual abuse or physical abuse causing a "serious bodily injury" by an "individual who had custody or control over the defendant").

Here, Ms. Robinson does not allege that *she* experienced any physical or sexual abuse.[2] To be sure, a personal experience of abuse is not necessarily required for relief; the Guidelines recognize that extraordinary and compelling reasons may exist when a defendant establishes circumstances "similar in gravity" to the other grounds. *Id.* § 1B1.13(b)(5). Ms. Robinson's allegations, which focus on her chaotic transfer out of FCI Dublin and alleged poor conditions at her present facility, are troubling but do not meet that standard. The Court does not rule out the prospect that harsh prison conditions, in a particular case, could suffice. *But see United States v. Nevarez-Ledezma*, No. 19-1379, 2021 WL 4430157, at *1 (D.N.M. Sept. 27, 2021) ("There is no federal statute that permits shorter sentences for inmates serving 'harder' time in certain prisons."). But with regard

---

[2] Ms. Robinson does describe a strip search that she says violated BOP Policy. (Doc. 200, p. 30). However, she does not argue that the search amounted to "sexual abuse" within the meaning of U.S.S.G. § 1B1.13(b)(4)(A). And even if it did, she does not address the policy statement's requirement that "the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." *Id.* § 1B1.13(b)(4).

to Ms. Robinson's transfer, the Court does not believe that the verbal abuse, threats, and stress that she reports are so extraordinary that they are comparable to sexual abuse or physical abuse that causes serious bodily injury. *See* U.S.S.G. § 1B1.13(b)(4). Furthermore, Ms. Robinson's concerns about FMC Carswell, her present facility, are too generalized and conclusory to merit relief. *See United States v. Fuentes*, No. 16-00463, 2025 WL 2229687, at *5 (N.D. Ill. Aug. 5, 2025) (explaining that general complaints about prison conditions or nonspecific misconduct by staff, "without individualized evidence of serious hardship," are not extraordinary and compelling). The Court therefore concludes that Ms. Robinson has not demonstrated extraordinary and compelling reasons for release.[3]

Because Ms. Robinson has failed to demonstrate that extraordinary and compelling reasons support a reduction in his sentence, the Court need not consider whether the § 3553(a) factors weigh in favor of release. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021). Nevertheless, the Court incorporates by reference its previous discussion of those factors when ruling on Ms. Robinson's prior motion. (Doc. 191, p. 8). The four years of additional incarceration since that time do not materially alter the analysis: given the gravity of Ms. Robinson's crimes, a reduction in her sentence, at least on this record, would fail to provide just punishment for her offense, promote respect for the law, or protect the public from further crimes. It would also fail to provide adequate deterrence and would represent a substantial deviation from the life sentence recommended by the Sentencing Guidelines. It is possible that the § 3553(a) analysis

---

[3] This is not to say that the experiences Ms. Robinson describes are acceptable. Rather, they appear more appropriate for resolution in a civil rights lawsuit or habeas petition.

could come out differently in the future, but Ms. Robinson has not convinced the Court that relief is appropriate at this time. Her motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) therefore will be denied.

## CONCLUSION

Accordingly, the Motion for Compassionate Release filed by Defendant Tabitha D. Robinson (Doc. 200) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   June 2, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**